## POOL & HEATHMAN vs. DELANEY & BALDWIN.

1. A balance which may be due on a settlement of a partnership, can not be set up in equity against a note given by one partner to the other, in the hands of an assignee, on the ground that the assignor had left the State, leaving no property in the State: the note not being in any way connected with the partnership, and the assignment being made prior to the removal of the assignor.

2. It seems that such balance may be set up on such ground in equity against the note in the hands of the payee.

*Que.* Could it be set up against the assignee if the assignor had removed prior to the assignment?

## APPEAL from Monroe Circuit Court.

Todd, *for Appellants.*

1st. The assignment of the complainants's note to Sparks did not deprive him of any equity he had against the obligee. Mo. Digest, 105; 7 Mo. Reps. 524.

2nd. The indebtedness charged is such, that by statute, or in equity, might be plead to the note. Mo. Dig. 578, and infra.

2rd. The obligee's non-residence and insolvency, are in equity, additional grounds of relief against the assigned note. 2 Litt. 85; 3 Ib. 292; 6 Dana, 32–305; 7 Porter, 549; 2 Story's Eq. 662.

Glover & Campbell, *for Appellees.*

1st. There is no case of insolvency or non-residence presented by the bill to affect the rights of Delaney, if the matter constituted a good set-off as against Baldwin, his assignor. The charge in the bill, that in 1844 Baldwin had no effects in the State, and had left the county, may create a presumption that he was insolvent *in this State,* at the filing of the bill in 1845—but is no averment of the fact. 2 Am. Ch. Dig. 519, No. 1, 2, 3. What was the condition of Baldwin at the assignment does not appear. 8 Dana, 164. If Pool neglected to make his debt when he could, and did not, he will not be helped against an assignee.

2nd. The matter presented by the bill, and offered to be proved, was no ground of relief against an assignee—equity follows the law, and will in cases of hardship, set up *legal* off-sets, where the remedy at law is deficient—but no such case is presented here; there is no legal right to be aided by the court. R. C. 1845, p. 105, sec. 3. The assignee is bound to credit only *legal* offsets, and he purchases with a view to them, but ought not to be affected by such demands as this.

Napton, J., *delivered the opinion of the Court.*

This was a bill in chancery, to enjoin proceedings upon a judgment at

law obtained by the administrator of James J. Sparks against Pool, and his security, Heathman. The facts stated by the bill were these. In 1837 Pool purchased of Baldwin one-half of his horse, Washington, for $500. $200 of which he paid, and gave his note for $300. Pool paid on this note, at different times, $220, which was credited on the note. It was agreed between Pool and Baldwin, that Pool should have the control of the horse, and that the expenses of his keeping should be equally borne by him and Baldwin, and the profits should be equally divided. The horse died in 1844, and Pool alledges, that the expenses of keeping the horse, including a reasonable compensation for his services, as superintendent, exceeded his profits—and that Baldwin assigned his note, shortly before the death of the horse, to Sparks, and before any settlement of their partnership concerns. Baldwin left this country shortly after, without leaving any visible property here. Sparks brought suit on the note before a justice, where Pool attempted to set off this indebtedness on the part of Baldwin, but the set-off was not allowed. The case was appealed to the Circuit Court, where the same set-off was again offered and rejected, and a judgment went against Pool. The prayer of the bill is now for an injunction, and a decree for the balance alledged to be due Pool.

Sparks' administrator answered, admitting the consideration of the note, but denying all indebtedness on the part of Baldwin, and calling for proof. Baldwin, in his answer, denies all indebtedness, and insists that Pool is still his debtor in the partnership transaction. He admitted his residence in Virginia since the assignment, and that he left no property here, except his claims against Pool.

Replications were filed, and the case was set for hearing. On the hearing, after the bill, answers and exhibits were read, the complainant offered to prove the allegations of the bill, relative to the partnership— the non-residence of Baldwin, his insolvency and indebtedness on the partnership account—but the court decided that such proof was incompetent against Sparks' administrator—but was competent against Baldwin. The evidence was not given, and the court dissolved the injunction (which had been granted) and dismissed the bill.

The decision of the Circuit Court in excluding the testimony offered, was virtually a decision that the facts stated in the bill did not authorize any relief. Although the assignor Baldwin was made a party defendant to the bill, no relief was sought against him, and the refusal of the court to permit the plaintiff to prove the allegations of his bill, as against the assignee, necessarily led to the decree of dismissal.

The only question, then, is whether Pool is entitled in equity to set-off against the assignee of his note, a balance due him on a settlement of a partnership account between himself and the assignor, on the ground, that the assignor is a non-resident of the State. The Circuit Court decided that this could not be done. The consideration of the note upon which the judgment at law was obtained, was the purchase of an interest in the horse. The agreement for the partnership, although it resulted from, or was occasioned by this purchase, and was contemporaneous with it, had no legal connexion with it. The one did not form the consideration of the other. The balance due, or alledged to be due upon the partnership, was not a set-off at law against the assignor or payee of the note, because an action at law could not have been maintained for such a balance until it was ascertained. The removal of the assignor from the State, might have given a court of equity jurisdiction to make the set-off against him; but, it could not create an equity against the assignee, because it sprung up after the assignment. The assignee takes the instrument subject to all just set-off or discounts, which exist at the time of the assignment, but it would be manifest injustice that his rights should be affected by any conduct on the part of the assignor after he has parted with his interest. The removal of the payee from the State, although it might have constituted a ground for authorizing the interference of a court of equity, had no assignment been made, cannot of itself form the ground of the relief sought, where the note has been assigned. The assignee takes the note subject to all equities existing at the time of his purchase, but the conduct of the assignor after the sale and transfer of the note, cannot create a new equity. Talbot vs. Warfield, 3 J. J. Marshall, 87.

Judge McBRIDE concurring, the decree is affirmed.

SCOTT, J., not sitting.